IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVE LORENZO SHAFER, | ) | |
| ID # 1058675, | ) | |
|     Plaintiff, | ) | |
| vs. | ) | No. 3:08-CV-0395-G (BH) |
| | ) | ECF |
| BILL HILL, | ) | Referred to U.S. Magistrate Judge |
|     Defendant. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**

On or about March 5, 2008, Plaintiff, an inmate in the Texas prison system,[1] filed the instant action pursuant to 42 U.S.C. § 1983 with a supporting memorandum and an application to proceed *in forma pauperis*. On March 14, 2008, the Court granted Plaintiff permission to proceed *in forma pauperis* in this action.

Plaintiff sues Bill Hill, former Dallas County District Attorney, primarily for indicting and allegedly maliciously prosecuting him in Cause No. F03-01100 for tampering with a government record that Plaintiff had submitted with a State application for writ of habeas corpus. He alleges that the Defendant's actions have deprived him of his constitutional rights to due process, equal protection, a speedy trial, and to be free from cruel and unusual punishment. According to Plaintiff, Defendant sought to obtain a tactical advantage and force him to plead guilty to the

---

[1] Plaintiff is in custody by virtue of his conviction in Cause No. F99-01220 – a conviction not challenged in this action.

alleged tampering by delaying trial with no intent to prosecute him. Because prison authorities know of the tampering indictment, he argues that Defendant's actions have harmed him in that he is now considered a repeat offender by the classification board and that such classification can affect parole decisions and his custody level. A changed custody level affects Plaintiff's eligibility for trustee positions and college. To a lesser degree, Plaintiff also claims that he was illegally incarcerated or confined in the Dallas County Jail for twenty-five months while he awaited a trial that never occurred. Plaintiff seeks monetary damages and a statement from Defendant to the director of the Texas prison system that the indictment had no validity and was dismissed with prejudice by the trial court.[2]

## II. PRELIMINARY SCREENING

As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998). Because he is proceeding *in forma pauperis*, Plaintiff's complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. *See id.*

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its

---

[2] Plaintiff provides a more detailed statement at page twenty-five of his supporting memorandum.

face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

## III. SECTION 1983 RELIEF

Plaintiff seeks monetary and injunctive relief under 42 U.S.C. § 1983 against a former Dallas County District Attorney in his official and individual capacities. Section 1983 provides a federal cause of action and affords redress for the "deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999).

**A. Official Capacity**

Plaintiff sues Defendant in his official capacity as Dallas County District Attorney. Such an official-capacity claim is merely another way of pleading an action against the entity of which the individual defendant is an agent. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). In Texas, county prosecutors are county officials. *Johnson v. Kegans*, 870 F.2d 992, 998 n.5 (5th Cir. 1989). To hold a county municipality liable under 42 U.S.C. § 1983, plaintiffs must show an "underlying claim of a violation of rights", as well as, "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Cox v. City of Dallas*, TX., 430 F.3d 734, 748 (5th Cir. 2005), *cert. denied*, 126 S. Ct. 2039 (2006). In this instance, Plaintiff has alleged no official policy or custom on the part of Dallas County that violated his constitutional rights. In such circumstances, it is appropriate to dismiss the official

3

capacity claims. *See Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001).

**B. <u>Individual Capacity</u>**

Plaintiff also sues Defendant in his individual capacity for acts taken as Dallas County District Attorney. More specifically, Plaintiff claims that Defendant has violated his constitutional rights by (1) indicting and maliciously prosecuting him in Cause No. F03-01100 and (2) illegally incarcerating or confining him in the Dallas County Jail while he awaited trial on those charges. The latter claim fails to state a claim upon which relief can be granted because Plaintiff was legally incarcerated under authority of law based on his conviction in Cause No. F99-01220 that has not been successfully challenged. *See Harper v. Merckle*, 638 F.2d 848, 860 (5th Cir. 1981) (recognizing that the alleged imprisonment must be illegal or without authority of law). When an individual is held in jail on multiple charges or offenses, the dismissal of one charge or offense does not give rise to a claim of false imprisonment when the individual was legally held based upon the other charge or offense. For these reasons, Claim 2 fails to survive summary dismissal in its entirety.

With respect to Claim 1, principles of immunity determine the extent such claim survives summary dismissal at this juncture. It is settled law that prosecutors enjoy absolute immunity to initiate and pursue criminal prosecutions. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Plaintiff has made no allegation that Defendant acted other than in his adjudicative role as prosecutor. Absolute immunity thus protects Defendant against Plaintiff's claim for monetary damages, and Claim 1 should be dismissed to the extent Plaintiff seeks monetary damages for the alleged constitutional violations. On the other hand, because prosecutorial immunity does not extend to claims for injunctive relief, *see Johnson v. Kegans*, 870 F.2d 992, 998-99 (5th Cir. 1989)

(citing *Pulliam v. Allen*, 466 U.S. 522, 541 (1984)), Claim 1 survives summary dismissal to that extent at this juncture.

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court summarily **DISMISS** Plaintiff's complaint with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), except for his claim for injunctive relief for alleged constitutional violations stemming from the indictment and alleged malicious prosecution in Cause No. F03-01100. That claim for injunctive relief should proceed and process should issue as to it.

**SIGNED this 10th day of April, 2008.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

5