# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| STEVE LORENZO SHAFER, ) | |
| ID # 1058675, ) | |
|     Plaintiff, ) | No. 3:08-CV-0395-G (BH) |
| vs. ) | ECF |
| ) | Referred to U.S. Magistrate Judge |
| BILL HILL, ) | |
|     Defendant. ) | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the District Court's *Standing Order of Reference*, filed August 4, 2008, this case was referred to this Court for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations to the District Court on dispositive motions. Before the Court is *Defendant Hill's Motion to Dismiss Under Fed.R.Civ.P. 12(b)(6) and Brief in Support,* filed June 9, 2008.

Based on the motion, responsive filings, and applicable law, the Court recommends that the motion to dismiss be **DENIED**.

## I. BACKGROUND

On or about March 5, 2008, Plaintiff, an inmate in the Texas prison system,[1] filed the instant action against Bill Hill, former Dallas County District Attorney. (*See* Compl. at 1.) In April 2008, the Court dismissed the "complaint with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), except for his claim for injunctive relief for alleged constitutional violations stemming from the indictment and alleged malicious prosecution in Cause No. F03-01100." (*See* Order of Apr. 22, 2008.)

---

[1] Plaintiff is in custody by virtue of his conviction in Cause No. F99-01220 – a conviction not challenged in this action.

Plaintiff's remaining claim against Defendant arises under 42 U.S.C. § 1983 and state law for indicting and allegedly maliciously prosecuting him in Cause No. F03-01100 for tampering with a government record submitted with Plaintiff's state application for writ of habeas corpus. (*See* Compl. at 3-4; Pl.'s Mem. at 2 and 9-20, attached to Compl.) He specifically alleges that the Defendant's actions have deprived him of his constitutional rights to due process, equal protection, and a speedy trial. (Pl.'s Mem. at 9.) According to Plaintiff, Defendant sought to obtain a tactical advantage and force him to plead guilty to the alleged tampering by delaying trial with no intent to prosecute him. (*Id.* at 7-8, 13.) He argues that Defendant's actions have harmed him in that he is now considered a repeat offender by the classification board; this classification can affect parole decisions and his custody level, which in turn affects his eligibility for trustee positions and college. (*Id.* at 8, 12-13.) Plaintiff seeks a statement from Defendant to the director of the Texas prison system that the indictment had no validity and was dismissed with prejudice by the trial court. (Compl. at 4; Pl.'s Mem. at 25.) Defendant responded to the complaint for injunctive relief with the instant motion to dismiss, (*see* Mot. Dismiss), and Plaintiff has filed a response, (*See* Pl.'s Br. of Retort to the Def.'s Mot. Dismiss [hereinafter "Pl.'s Resp."]).

## II. RULE 12(b)(1)

Although Defendant seeks dismissal under Fed. R. Civ. P. 12(b)(6), he contends in part that Plaintiff's request for injunction is moot, that this Court lacks jurisdiction to grant an injunction in this action, and that habeas jurisdiction provides the exclusive remedy for Plaintiff. (See Mot Dismiss at 4-5.) A motion to dismiss for lack of subject matter jurisdiction is properly brought

pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(b)(1).[2]

Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims. *See Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Considering Rule 12(b)(1) motions first "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id*. When the court dismisses for lack of subject matter jurisdiction, that dismissal "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id*.

The Fifth Circuit recognizes a distinction between a "facial attack" and a "factual attack" upon a complaint's subject matter jurisdiction. *Rodriguez v. Tex. Comm'n on the Arts*, 992 F. Supp. 876, 878 (N.D. Tex. 1998), *aff'd*, 199 F.3d 279 (2000). "A facial attack requires the court merely to decide if the plaintiff has correctly alleged a basis for subject matter jurisdiction" by examining the allegations in the complaint, which are presumed to be true. *Id*. If the defendant supports the motion with evidence, however, then the attack is "factual" and "no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). Regardless of the attack, "[t]he plaintiff constantly bears the

---

[2] *See also Corrie v. Caterpillar, Inc.* 503 F.3d 974, 980 (9th Cir. 2007) ("when a motion to dismiss attacks 'the substance of the complaint's jurisdictional allegations,' we treat it as brought under Rule 12(b)(1), even if it was 'improperly identified by the moving party as brought under Rule 12(b)(6)'") (quoting *St. Clair v. City of Chico,* 880 F.2d 199, 201 (9th Cir.1989)).

burden of proof that jurisdiction does exist." *Rodriguez*, 992 F. Supp. at 879 ("The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction.").

In this case, defendant does not support its motion with evidence and thus presents a facial attack that does not require the Court to resolve matters outside the pleadings. *See Ramming*, 281 F.3d at 161; *Williamson*, 645 F.2d at 412-13.

## A. Mootness

Defendant argues that Plaintiff's request for injunctive relief is moot because he is no longer the elected District Attorney for Dallas County. (Mot. Dismiss at 4.)

The argument that a claim is moot challenges a court's jurisdiction. *Shockley v. Univ. of Tex. Medical Branch, et. al,* 3:06-CV-223-K, 2007 WL 1976460, at *3 (N.D. Tex. July 1, 2007)(citing *Eddins v. Excelsior Ind. Sch. Dist.*, 88 F. Supp. 695, 701 (E.D. Tex. 2000)); *see also Thompson v. United States*, No. 3:06-CV-2144-D, 2007 WL 1412308, at *3 (N.D. Tex. April 19, 2007)(a motion to dismiss on the grounds that a claim is moot may be brought under Rule 12(b)(1) for lack of subject matter jurisdiction). "Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot if it "no longer present[s] a case or controversy under Article III, § 2 of the Constitution." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Under the case or controversy requirement, "[t]he parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Id.* (citing *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472 (1990)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Id.* "If a dispute has been resolved or if it has evanesced because of changed circumstances, including the

4

passage of time, it is considered moot." *American Med. Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988).

In this case, Defendant was the Dallas County District Attorney when the alleged violations of Plaintiff's constitutional rights occurred, and Plaintiff contends that Defendant was involved in the alleged violations. (*See* Pl.'s Mem. at 1-2.) The fact that Defendant is no longer the elected Dallas County District Attorney does not affect whether this action presents a live controversy or whether Plaintiff has a legally cognizable interest in the outcome of this case. *See Geraghty*, 445 U.S. at 396 (1980); *American Med. Ass'n*, 857 F.2d at 270. Because Plaintiff retains a legally cognizable interest in the outcome of this case, it is not moot.

**B. Authority to Grant Injunction**

Defendant also contends that the Court has no jurisdiction to grant Plaintiff's requested injunction because he has left the District Attorney's Office, and he thus has no authority to issue a letter on behalf of that office. (Mot. Dismiss at 4.)

Plaintiff has sued Defendant in his individual capacity as the former District Attorney of Dallas County who was involved in the alleged violation of Plaintiff's constitutional rights. Plaintiff's complaint sets forth a request that Defendant "issue a statement to the director of TDCJ that the indictment of Cause No.F03-01100 had no validity and was dismissed with prejudice by the court." (Compl. at 4.) He seeks to have Defendant "represent his own errors as a public servant" which "cannot be adopted by the new District Attorney", and he claims that "Defendant does have the authority to submit such disclosure to the director TDCJ, that details events that occurred when he was the Dallas County District Attorney." (*See* Pl.'s Resp. at 7.) Defendant's status as the

5

former Dallas County District Attorney does not deprive this Court of jurisdiction to enter appropriate injunctive relief against him should Plaintiff succeed in this action.

## C. Exclusive Habeas Jurisdiction

Defendant argues that exclusive jurisdiction over Plaintiff's claim for injunctive relief lies through the habeas process. (Mot. Dismiss at 4-5.)

Habeas corpus provides "the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)). Plaintiff has not challenged the fact or duration of his confinement, however. (*See* Pl.'s Mem. at 9.) He instead brings a civil action under 42 U.S.C. § 1983 and state law for injunctive relief for alleged violations of his constitutional rights and malicious prosecution in a subsequent state criminal action that was ultimately dismissed for violation of Plaintiff's right to a speedy trial. Not only is § 1983 a proper basis for such constitutional claims, *see Shmueli v. City of N.Y.*, 424 F.3d 231, 233-39 (2d Cir. 2005) (addressing similar claims brought under § 1983 and state law in deciding the extent the prosecutor enjoyed absolute immunity), this Court unquestionably has jurisdiction over claims brought pursuant to § 1983, *see* 28 U.S.C. § 1343(a)(3); *Dennis v. Higgins*, 498 U.S. 439, 446 n.5 (1991) (recognizing § 1343(a)(3) as the "jurisdictional counterpart to § 1983"). It may also exercise supplemental jurisdiction over pendent state law claims. *See* 28 U.S.C. § 1367.

While Plaintiff alleges that he has been harmed by Defendant's actions because his custody status has changed and because the state parole board was informed of the indictment but not of its dismissal (*see* Pl.'s Mem. at 19), this alleged harm does not transform this civil action into one

exclusively arising under habeas jurisdiction. Plaintiff properly brought his § 1983 and malicious prosecution claims in this non-habeas, civil action, and the Court has subject matter jurisdiction.

### III. RULE 12(b)(6) MOTION TO DISMISS

Defendant also moves to dismiss the claim for injunctive relief for failure to state claim pursuant to Fed. R. Civ. P. 12(b)(6). (Mot. Dismiss at 1.)

Motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). However, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (citation omitted).[3] Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. The alleged facts must "raise a right to relief above the speculative level." *Id*. In short, a complaint fails to state a claim upon which

---

[3] "Although the context of the discussion in *Bell Atlantic* was the Sherman Act, nothing in the reasoning of the decision appears to limit its scope to Sherman Act claims." *Halaris v. Viacom, Inc.*, No. 3:06-CV-1646-N, 2007 WL 4145405, at *4 (N.D. Tex. Sept. 21, 2007).

relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face."[4]  *Id*. at 1974.

A.  **Missing Allegations**

Defendant argues that Plaintiff's complaint fails to state a claim because it lacks necessary allegations on every material point to sustain recovery.  (Mot. Dismiss at 3.)[5]

  **1.**  *Section 1983*

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law.  *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999).  Because Defendant does not contest that he is a state actor, he appears to contend that Plaintiff has not alleged deprivation of a constitutional right.

The Fifth Circuit has held that there is no "freestanding constitutional right to be free from malicious prosecution."  *Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003) (*en banc*).  Consequently, an allegation of malicious prosecution fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983, unless the allegation relies upon some specific constitutional provision, such as the Fourth or Fourteenth Amendments, *see id*. at 961, rather than merely "satisfying the state law elements of malicious prosecution", *see Izen v. Catalina*, 398 F.3d 363, 366 (5th

---

[4]  *Bell Atlantic* abrogated the long-standing standard enunciated in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) urged by Defendant that a complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *See* 127 S. Ct. at 1968-69 & n.8.

[5]  Defendant relies on *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) for his proposition that a complaint should contain allegations necessary on every material point necessary to sustain a recovery.  This proposition was called into question in *Morgan v. City of Waco*, 2002 WL 1776935, at * (N.D. Tex. July 30, 2002).

Cir. 2005) (per curiam).

In this case, Plaintiff's malicious prosecution claim is specifically premised on an alleged deprivation of his Sixth Amendment right to a speedy trial and his Fourteenth Amendment rights to due process and equal protection. Defendant does not argue that the facts presented by Plaintiff to support these alleged constitutional violations are merely speculative or that Plaintiff has failed to plead facts sufficient to state a plausible claim under § 1983 as required by *Twombly*. *See* 127 S. Ct. at 1974. Plaintiff has therefore stated a claim, and Defendant's motion to dismiss the § 1983 claim should be denied.

### 2. *Malicious Prosecution under State Law*

Plaintiff also asserts a claim of malicious prosecution arising under state law. *See Izen v. Catalina*, 398 F.3d 363, 366 (5th Cir. 2005) (per curiam). Such a claim protects an individual's "interest in freedom from unjustified litigation." *Doe v. State*, 2 F.3d 1412, 1420 n.15 (5th Cir. 1993); *Beker Phosphate Corp. v. Muirhead*, 581 F.2d 1187, 1188 n.1 (5th Cir. 1978) (per curiam).

> To sustain a malicious prosecution claim, Texas law requires that a plaintiff show "(1) a criminal action was commenced against him; (2) the prosecution was caused by the defendant or with his aid; (3) the action terminated in the plaintiff's favor; (4) the plaintiff was innocent; (5) the defendant acted without probable cause; (6) the defendant acted with malice; and (7) the criminal proceeding damaged the plaintiff."

*Izen v. Catalina*, 256 F.3d 324, 328 (5th Cir. 2001) (quoting *Taylor v. Gregg*, 36 F.3d 453, 455 (5th Cir. 1994)).

In this instance, Plaintiff's complaint appears to contain allegations sufficient to support each element of a malicious prosecution claim. That the state criminal proceeding was dismissed because of delays in bringing the action to trial rather than on grounds of malicious prosecution does not affect any element for a malicious prosecution claim. Defendant has not shown that Plaintiff has

failed to state a plausible malicious prosecution claim under Texas law.

## B. <u>Entitlement to Injunction</u>

Defendant next argues that Plaintiff has failed to state a claim upon which relief can be granted because Plaintiff has not alleged specific facts to show that he is entitled to injunctive relief. (Mot. Dismiss at 3-4.) He contends that an injunction is unnecessary in this case because a statement that the indictment against Plaintiff was dismissed is already a matter of public record readily accessible to Plaintiff. (*Id.* at 4.)

As an equitable remedy, an injunction does not issue as a matter of course or to restrain acts which result in "merely trifling" consequences. *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311 (1982). Injunctions should issue only in cases of irreparable injury and inadequate legal remedies. *Id.* at 312. Here, Plaintiff alleges malicious prosecution and the denial of his constitutional rights which have harmed him because the indictment caused him to be designated as a repeat offender and has made him ineligible for prison educational programs and could alter parole considerations. He alleges that he has been reclassified as a "problem offender" who has refused "to reform from his criminal ways", and has subsequently been placed in a high security prison. (Pl.'s Mem. at 19-20.) He seeks an injunction in order to reverse these consequences, which are not merely trifling. Furthermore, because absolute immunity protects Defendant from monetary damages, such damages are unavailable to Plaintiff. He has sufficiently alleged an irreparable injury and inadequate legal remedies to survive a motion to dismiss for failure to state a claim.

## C. *Heck* Bar

Defendant also argues that the instant action fails to state a claim because it is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (Mot. Dismiss at 4-5.)

Under *Heck*, courts must consider "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 486-87. In other words, *Heck* only applies to bar a civil action when success in the civil action would *necessarily* call into question the validity of Plaintiff's confinement or conviction.

In this case, Plaintiff's claims relate to a state indictment that was dismissed by the state court for violation of his speedy trial rights, not the conviction that resulted in his current confinement.[6] While the injunctive relief Plaintiff seeks could theoretically alter his probation considerations or provide some other potential avenue for early release, this is not enough to invoke a *Heck* bar because early release will not necessarily result from this action, if it succeeds.[7]

### D. Lack of Prior Findings of Malicious Prosecution

Finally, Defendant argues that this Court cannot order injunctive relief based upon alleged malicious prosecution when there are no prior findings that the Dallas County District Attorney's Office engaged in such malicious prosecution. (Mot. Dismiss at 4-5.) Defendant cites no support for this proposition. Any injunction in this case may issue only after Plaintiff has succeeded on his instant claim of malicious prosecution or on a claimed constitutional violation. Defendant's unsupported argument provides no valid basis for dismissing any claim under Rule 12(b)(6).

### IV. RECOMMENDATION

For the foregoing reasons, the District Court should **DENY** *Defendant Hill's Motion to*

---

[6] Plaintiff's unlawful imprisonment claim has already been dismissed from this action.

[7] Because *Heck* is not implicated under the facts of this case, Defendant's reliance on *Davis v. Kan. Dep't of Corrections*, 507 F.3d 1246 (10th Cir. 2007) misplaced.

*Dismiss Under Fed.R.Civ.P. 12(b)(6) and Brief in Support,* filed June 9, 2008, (doc. 13).

**SIGNED this 6th day of September, 2008.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE