**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **STEVE LORENZO SHAFER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:08-CV-395-G (BH)** |
| | § | |
| **BILL HILL,** | § | |
| | § | |
| **Defendant.** | § | **Pretrial Management** |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS

Pursuant to Special Order No. 3-251, this case was referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court is *Defendant's Motion for Summary Judgment* (docket #52), filed May 29, 2009. Based on the pertinent filings and applicable law, Defendant's *Motion for Summary Judgment* should be **GRANTED**.

## I. BACKGROUND

On March 5, 2008, Steve Shafer, an inmate in the Texas prison system, filed a civil rights action under 42 U.S.C. § 1983 against former Dallas County District Attorney Bill Hill in his individual and official capacities. (Docket #1) (hereinafter "Compl.").[1] Shafer alleges that Hill maliciously prosecuted him in Cause No. F03-01100 for tampering with a government record he submitted with a State application for writ of habeas corpus challenging his criminal conviction in Cause No. F99-01220. (*Id.* at 9-11, 14). It is undisputed that Cause No. F03-01100 was dismissed

[1] Shafer's complaint consists of the five page § 1983 form provided by the prison, a twenty-seven page memorandum in support, a three page discussion the grounds for his claim, and a one page affidavit. The Court refers to the page numbers of the complaint as they are paginated in the pdf document.

with prejudice. (Mot. Br. at 6). Shafer alleges that Hill's actions in filing Cause No. F03-01100 deprived him of his constitutional rights under the Sixth and Fourteenth Amendments for a speedy trial, due process, equal protection, and freedom from cruel and unusual punishment. (*See* Compl. at 14-19). According to Shafer, Hill sought to obtain a tactical advantage and to force him to plead guilty to the alleged tampering by delaying trial with no intent to prosecute him. (*Id.* at 17). Shafer argues that Hill's actions harmed him because prison authorities knew of the tampering indictment, and he is now considered a repeat offender by the classification board. (*Id*. at 25-26). This classification can affect parole decisions and his custody level, which in turn affects his eligibility for trustee positions and access to college programs.

On April 22, 2008, the Court dismissed all of Shafer's claims with prejudice with the exception of his claim for injunctive relief against Hill in his individual capacity. *Shafer v. Hill*, 2008 WL 1818813, at *3 (N.D. Tex. Apr. 22, 2008). Shafer seeks a statement by Hill to the Texas Department of Criminal Justice (TDCJ) that the indictment in Cause No. F03-01100 had no validity, was dismissed with prejudice by the court, and was the result of misconduct by the Dallas County District Attorney's Office. (Compl. at 33). Shafer contends that the statement is necessary to alert the TDCJ about the dismissal of the indictment in Cause No. F03-01100 and the subsequent release of the Dallas County detainer in that case. (*Id.* at 33-34).

On May 29, 2009, Hill moved for summary judgment. After a response by Shafer and reply by Hill, the motion is ripe for review.[2]

---

[2] Shafer filed three responses to Hill's motion for summary judgment, two on June 22 and one on July 1. (Docket #61, 63, 64). Docket 63 is a duplicate of docket 61 and therefore will not be considered by the Court; the only difference is that docket 61 contains a two page introductory motion to file the response. Hill did not object to Shafer's untimely July 1 response, which presents the same arguments as those in docket #61. (*See* docket #65).

## II. STANDARD OF REVIEW

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id*. The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The pleadings, discovery and disclosure materials on file, and affidavits, if any, must demonstrate that no genuine issue of material fact exists. Fed. R. Civ. P. 56(c).

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324. To carry this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the non-movant must show that the evidence is sufficient to support a resolution of the factual issue in his favor. *Anderson*, 477 U.S. at 249.

While all of the evidence must be viewed in a light most favorable to the motion's opponent, *id*. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions will satisfy the non-movant's summary judgment burden, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc); *Topalian v. Ehrman*, 954

F.2d 1125, 1131 (5th Cir. 1992). Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to his case and as to which he will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

Generally, the courts liberally construe the pleadings of a *pro se* plaintiff. *See*, *e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981); *Martin v. United States Post Office*, 752 F. Supp. 213, 218 (N.D. Tex. 1990). However, the courts have no obligation under Fed. R. Civ. P. 56 "to sift through the record in search of evidence to support a party's opposition to summary judgment." *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)). Instead, a party opposing summary judgment must "identify specific evidence in the record" that supports the challenged claims and "articulate the precise manner in which that evidence supports [a challenged] claim." *Ragas*, 136 F.3d at 458 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)).

## III. EVIDENTIARY OBJECTIONS

Hill raises several objections to exhibits 4, 5, 6, and 7 submitted as part of Shafer's response. (Docket #65). Specifically, he contends that exhibit 4, a photocopy of a money order, lacks adequate foundation, is hearsay, and has not been authenticated as a business record. He raises the same three objections to exhibits 5 (a deposit account agreement with a bank), 6 (letter from a bank concerning subpoena of documents), and 7 (bank statement of Mr. Brian Summers). Because the Court did not rely on any of these exhibits in reaching its conclusions regarding Hill's motion for summary judgment, the objections are **OVERRULED** as **moot**. *See Continental Casualty Co. v.*

*St. Paul Fire & Marine Ins. Co.*, 2006 WL 984690, at *1 n. 6 (N.D. Tex. Apr. 14, 2006) (Fitzwater, J.) (overruling as moot objections to evidence that is not considered by the court in deciding motion for summary judgment).

## IV. ANALYSIS

Hill raises six grounds for dismissal of the cause of action in his motion for summary judgment: standing, mootness, failure to show entitlement to injunctive relief, failure to establish a violation of rights under the Sixth and Fourteenth Amendments, procedural bar under the *Heck* doctrine, and exercise of pendent jurisdiction over state law claims. (Mot. at 3-4).

### A. Standing

Hill first moves for summary judgment on grounds that Shafer cannot establish any of the elements necessary to confer standing for his claims brought under the Sixth and Fourteenth Amendments. (Mot. Br. at 5-9).

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). "One element of the case-or-controversy requirement is that [plaintiffs], based on their complaint, must establish that they have standing to sue." *Raines v. Byrd*, 521 U.S. 811, 818 (1997). This requirement, like other jurisdictional requirements, is "not subject to waiver." *Lewis v. Casey*, 518 U.S. 343, 349 n. 1 (1996). The Supreme Court "insist[s] on strict compliance" with the requirement. *Raines*, 521 U.S. at 819. To meet the standing requirement, a plaintiff must show: (1) an injury in fact; (2) a fairly traceable causal link between the injury and a defendant's conduct; and (3) the likelihood that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). When a plaintiff seeks injunctive relief, he must also show

that he has sustained or is immediately in danger of sustaining some direct injury as result of the challenged conduct. *Armstrong v. Turner Indus., Inc.*, 141 F.3d 554, 563 (5th Cir. 1998). The party invoking federal jurisdiction bears the burden of establishing each element of standing. *Lujan*, 504 U.S. at 561. "The constitutional limits on standing eliminate claims in which the plaintiff has failed to make out a case or controversy between [the plaintiff] and the defendant." *Lewis v. Knutson*, 699 F.2d 230, 236 (5th Cir. 1983).

**1. Sixth Amendment**

Shafer contends that Hill violated his rights under the Sixth Amendment because Hill attempted to extract a guilty plea in Cause No. F03-01100 and delayed the trial even though he never intended to prosecute him. (Compl. at 17). Hill contends that Shafer lacks standing because he cannot establish a causal connection between the alleged delay in prosecution and Shafer's custodial status or that the relief sought will remedy the alleged injury. (Mot. Br. at 8-9).

Hill points to a TDCJ time sheet that indicates Shafer is subject to one detainer filed by Shafer as a supplement to his complaint. (Docket #26, at 5). He notes that even assuming that this unauthenticated time sheet refers to the detainer filed in Cause No. F03-01100, the district attorney is not responsible for releasing detainers since they are the sole responsibility of the Dallas County Sheriff's Department. (Mot. App. at 9, ¶5). Hill also contends that the relief sought, a letter from Hill to the TDCJ, will not remedy an alleged injury under the Sixth Amendment. (Mot. Br. at 9). The proper remedy for a violation of the Sixth Amendment's right to a speedy trial is dismissal of the indictment. *U.S. v. MacDonald*, 435 U.S. 850, 861 n. 7 (1978). Since the indictment in Cause No. F03-01100 was dismissed with prejudice, Shafer lacks a remedy for any alleged delay. By identifying an absence of evidence in the record to support the second and third elements required

for standing, Hill met his summary judgment burden to show that Shafer lacks standing to bring his claims under the Sixth Amendment. *Celotex*, 477 U.S. at 325; *see Keeley v. Cisco Sys.*, 2003 WL 21919771, at *3 (N.D. Tex. Aug.8, 2003) (Fitzwater, J.) (defendant satisfied its summary judgment burden by pointing to the absence of evidence to support element on which plaintiff bears the burden).

The burden now shifts to Shafer to direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial that he has standing to bring his claims under the Sixth Amendment. *Celotex*, 477 U.S. at 324. In his response, Shafer notes that he filed four motions for a speedy trial and two motions to dismiss for want of prosecution. (Resp. at 11). Whether Shafer filed these motions is immaterial to whether he has standing to bring his claim. This assertion does not address a district attorney's lack of involvement in releasing detainers, nor does it address the inappropriateness of a letter from Hill to the TDCJ as a remedy for the alleged delay in prosecution of Cause No. F03-01100. Shafer has therefore failed to produce evidence sufficient to support a resolution of the factual issue of standing in his favor. *Anderson*, 477 U.S. at 249. His conclusory assertion that he has standing to sue does not satisfy his summary judgment burden. *Little*, 37 F.3d at 1075. Accordingly, the Court finds that Shafer lacks standing to bring his claims under the Sixth Amendment for the alleged violation of his right to a speedy trial.[3] *Lujan*, 504 U.S. at 560-61.

---

[3] Hill also contends that Shafer lacks standing because he cannot establish an injury in fact for his alleged delay in trial under Cause No. F03-01100. (Mot. Br. at 6). Hill does not address whether an inmate serving time for a previous conviction can suffer an additional injury for a pending indictment on a different alleged offense. *See id*. Since Shafer cannot establish the second and third elements of standing, the Court need not address whether he can establish the first element.

**2. Fourteenth Amendment**

Shafer contends that Hill violated his rights under the Fourteenth Amendment because he is classified as a repeat offender as a result of the dismissed indictment. (*See* compl. at 14-19, 25-26). Hill contends that Shafer cannot establish any of the elements necessary to establish standing. (Mot. Br. at 7-9).

First, Hill asserts that Shafer cannot demonstrate an injury in fact because there is no constitutional right to a particular classification status. (Mot. Br. at 7). It is well established that the classification of inmates is an administrative function of prisons and that inmates do not have a right to a particular classification status. *Jones v. Diamond*, 636 F.2d 1364, 1376 (5th Cir. 1981) (en banc) (*overruled on other grounds, Int'l Woodworkers of Am. v. Champion Int'l Corp.*, 790 F.2d 1175 (5th Cir. 1986)). Second, Hill asserts that there is no causal connection between his alleged actions and Shafer's classification status. Specifically, Hill notes that Shafer was already classified as a repeat offender due to his previous convictions for aggravated robbery, aggravated assault, and intoxicated manslaughter. (Mot. App. at 4). In other words, Hill's alleged delay in prosecuting the tampering indictment had no impact on Shafer's classification status because he was already a repeat offender due to his convictions for violent crimes. Third, Hill contends that the relief sought, a letter from Hill to the TDCJ, will not remedy any error in Shafer's classification status since classification of prisoners is left to the discretion of prison officials, not district attorneys, and is the sole duty of TDCJ. Tex. Gov't Code § 494.002 (2007); *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990). By identifying an absence of evidence in the record to support the elements required for standing, Hill met his summary judgment burden to show that Shafer lacks standing to bring his claims under the Fourteenth Amendment. *Celotex*, 477 U.S. at 325; *see Keeley*, 2003 WL 21919771, at *3.

The burden now shifts to Shafer to direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial that he has standing to bring his claims under the Fourteenth Amendment. *Celotex*, 477 U.S. at 324. Although two pages of Shafer's response purportedly address his standing to bring his claims, he does not identify any evidence in the record to show that he has a constitutional right to a particular classification status, that the alleged delay in prosecuting Cause No. F03-01100 was causally connected to his classification status, or that a letter from Hill to the TDCJ would remedy his allegedly incorrect classification status. (*See* Resp. at 11-13). Indeed, Shafer admitted to multiple previous convictions for violent crimes in his own interrogatory. (*See id.*; Mot. App. at 4). Shafer has therefore failed to produce evidence sufficient to support a resolution of the factual issue of standing in his favor. *Anderson*, 477 U.S. at 249. His conclusory assertion that he has standing does not satisfy his summary judgment burden. *Little*, 37 F.3d at 1075. Accordingly, the Court finds that Shafer lacks standing to bring his claims under the Fourteenth Amendment for his allegedly erroneous classification as a repeat offender. *Lujan*, 504 U.S. at 560-61.

Because the Court finds that Shafer lacks standing to bring his claims under the Sixth and Fourteenth Amendments, the Court lacks jurisdiction over his claims. *Raines*, 521 U.S. at 818. The Court therefore recommends that Hill's motion for summary judgment be **GRANTED** and that the federal claims be dismissed without prejudice. Since the Court recommends dismissal on the first ground raised by Hill, it declines to address the four other grounds raised in the motion.

**B. <u>State Law Claim</u>**

To the extent that Shafer alleges a claim for malicious prosecution under Texas state law, the Court has supplemental jurisdiction over this claim pursuant to 28 U.S.C. § 1367(a). Because

summary judgment is recommended on all the federal claims over which it has original jurisdiction, the Court must decide whether to retain jurisdiction over the remaining state law claims, if any. *Id.* at § 1367(c)(3).

Supplemental jurisdiction over state law claims is a "doctrine of discretion, not of plaintiff's right." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). Consequently, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988). When the federal claims are dismissed before trial and only state law claims remain, the balance of factors to be considered under the supplemental jurisdiction doctrine weigh heavily in favor of declining jurisdiction; therefore, the federal court should usually decline the exercise of jurisdiction over the remaining claims and send them to state court. *See id.* According to the Fifth Circuit, "[o]ur general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed." *Parker & Parsley Petroleum Company v. Dresser Industries*, 972 F.2d 580, 585 (5th Cir. 1992) (citing *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989)).

Since the Court recommends summary judgment and dismissal of Shafer's constitutional claims, the pendent state law claim of malicious prosecution, if alleged, should be **DISMISSED** without prejudice.

## V. CONCLUSION

Defendant's *Motion for Summary Judgment* (docket #52) should be **GRANTED**. Shafer's federal claims arising under the Sixth and Fourteenth Amendments should be **DISMISSED** without

prejudice. The Court should decline supplemental jurisdiction over Shafer's pendent state law claim of malicious prosecution, and it should be also **DISMISSED** without prejudice.

**SO RECOMMENDED** on this 28th day of July, 2009.

**IRMA CARRILLO RAMIREZ**
**UNITED STATES MAGISTRATE JUDGE**

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985)*; Perales v. Casillas*, 950 F.2d 1066, 1070 (5th Cir. 1992). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE